UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LARRY D. CHEATHAM,

        Plaintiff,                    Civil No.: 2:22-cv-12527
                                              Honorable Paul D. Borman

v.

JOHN DOE,

        Defendant.
_____/

**OPINION AND ORDER OF SUMMARY DISMISSAL**

Michigan prisoner, Larry Cheatham ("Plaintiff"), has filed a *pro se* prisoner's civil rights complaint pursuant to 42 U.S.C. § 1983. Plaintiff is presently confined at the Cooper Street Correctional Facility in Jackson, Michigan and all events are alleged to have occurred at this facility. In his complaint, Plaintiff asserts that the facility maintenance supervisor violated his Eighth Amendment right against cruel and unusual punishment when he failed to ensure that a groove in the floor remained covered. Plaintiff claims that he sustained injuries when he tripped and fell over the uneven surface while walking to the law library. Plaintiff seeks declaratory and compensatory relief. Having reviewed the complaint, the Court now dismisses it pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1) for failure to state a claim upon which relief may be granted. The

Court also concludes that an appeal from this decision cannot be taken in good faith.

## I. BACKGROUND

Plaintiff alleges that on June 24, 2022, he tripped and fell over an uneven floor surface while walking to the law library. He asserts that when his shoe caught the groove in the floor, he went "flying through the air" and fell on the left side of his body. Plaintiff states that the fall caused him to have the wind knocked out of him. He also experienced some disorientation and severe pain. Plaintiff further alleges that unit healthcare staff were called to evaluate him after the incident. It appears from Plaintiff's complaint that the medical staff failed to reach a conclusive diagnosis with respect to the cause of his pain, which he claims he still experiences.

Plaintiff states in his sworn declaration attached to his complaint that he brought the condition of the floor to the attention of the maintenance supervisor prior to his fall. Plaintiff states that the groove in the floor was then covered with a special rubber mat. However, it was not covered on June 24, 2022. According to Plaintiff, the maintenance supervisor's failure to cover the groove violated his Eighth Amendment right against cruel and unusual punishment.

## II. DISCUSSION

Plaintiff is proceeding *in forma pauperis*. Under the Prison Litigation Reform Act of 1996 ("PLRA"), the Court is required to sua sponte dismiss an *in forma pauperis* complaint before service on a defendant if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 42 U.S.C. § 1997e(c); 28 U.S.C. § 1915(e)(2)(B). The Court is similarly required to dismiss a complaint seeking redress against government entities, officers, and employees which it finds to be frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A. A complaint is frivolous if it lacks an arguable basis in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

A pro se civil rights complaint is to be construed liberally. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). Nonetheless, Federal Rule of Civil Procedure 8(a) requires that a complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief," as well as "a demand for the relief sought." Fed. R. Civ. P. 8(a)(2), (3). The purpose of this rule is to "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted).

While this notice pleading standard does not require "detailed" factual allegations, it does require more than the bare assertion of legal principles or conclusions. *Id*. Rule 8 "demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id*. (quoting *Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id*. (quoting *Twombly*, 550 U.S. at 557).

To state a civil rights claim under 42 U.S.C. § 1983, a plaintiff must allege that: (1) he or she was deprived of a right, privilege, or immunity secured by the federal Constitution or laws of the United States; and (2) the deprivation was caused by a person acting under color of state law. *Flagg Bros. v. Brooks*, 436 U.S. 149, 155-57 (1978); *Harris v. Circleville*, 583 F.3d 356, 364 (6th Cir. 2009). Additionally, a plaintiff must allege that the deprivation of his or her rights was intentional. *Davidson v. Cannon*, 474 U.S. 344, 348 (1986); *Daniels v. Williams*, 474 U.S. 327, 333–36 (1986).

Here, the allegations in Plaintiff's complaint are insufficient to entitle him to relief. The Eighth Amendment prohibits conduct by prison officials that involves the "unnecessary and wanton infliction of pain." *Ivey v. Wilson*, 832 F.2d 950, 954 (6th Cir.1987) (per curiam) (quoting *Rhodes v. Chapman*, 452 U.S. 337, 346

4

(1981)). The Eighth Amendment requires prison officials to "provide humane conditions of confinement; prison officials must ensure that inmates receive adequate food, clothing, shelter and medical care, and must 'take reasonable measures to guarantee the safety of the inmates.'" *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (quoting *Hudson v. Palmer*, 468 U.S. 517, 526–27 (1984)) (emphasis added). Thus, "[n]ot every unpleasant experience a prisoner might endure while incarcerated constitutes cruel and unusual punishment within the meaning of the Eighth Amendment." *Ivey*, 832 F.2d at 954. "An accident, although it may produce added anguish, is not on that basis alone to be characterized as wanton infliction of unnecessary pain." *Estelle v. Gamble*, 429 U.S. 97, 105 (1976).

"[F]ederal courts have nearly unanimously held that a slip and fall, without more, does not amount to cruel and unusual punishment." *Lamb v. Howe*, 677 F. App'x 204, 208 (6th Cir. 2017) (citation and quotation omitted). The United States Court of Appeals for the Sixth Circuit and lower courts within this circuit have routinely held that similar prison conditions fall short of supporting an Eighth Amendment claim. *See White v. Tyszkiewicz*, 27 F. App'x 314, 315 (6th Cir. 2001) (Prisoner's claim that he slipped and fell on ice was properly dismissed for failure to state a claim because his allegations were "insufficient to state a claim under the Eighth Amendment."); *Lotz v. Buck*, No. 4:12-cv-P131, 2013 WL 1742600, at *3

5

(W.D. Ky. Apr. 23, 2013) (collecting cases); *Chamberlain v. Nielsen*, No. 2:10-CV-10676, 2010 WL 1002666, at *2 (E.D. Mich. Mar. 18, 2010) ("[W]hile Plaintiff states that he informed the three unidentified jail guards about the ripped shower mat, he has not shown that those guards acted with deliberate indifference in failing to replace the mat or take other corrective action. At best, he has shown that the guards were negligent, which fails to state a claim under § 1983."). As one court stated, "'[a] slip and fall, without more, does not amount to cruel and unusual punishment . . . . Remedy for this type of injury, if any, must be sought in state court under traditional state tort law principles.'" *Reynolds v. Powell*, 370 F.3d 1028, 1031 (10th Cir. 2004) (quoting *Mitchell v. West Virginia*, 554 F. Supp. 1215, 1217 (N.D. W.Va. 1983)).

In this case, Plaintiff's complaint similarly fails to state a claim under the Eighth Amendment. At bottom, Plaintiff's complaint alleges that the maintenance supervisor was negligent in his duty to protect Plaintiff from hazardous conditions, i.e., an uneven floor, which is insufficient to state a claim under the Eighth Amendment. *See White*, 27 F. App'x at 315. Plaintiff also does not allege any facts indicating that the supervisor acted with intentional disregard for his safety. Accordingly, Plaintiff's complaint must be dismissed.

### III.   CONCLUSION

For the reasons stated, the Court concludes that Plaintiff fails to state a claim upon which relief may be granted under 42 U.S.C. § 1983 in his complaint. Accordingly, the Court **DISMISSES WITH PREJUDICE** the civil rights complaint. The Court further concludes that an appeal from this order cannot be taken in good faith. *See* 28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 445 (1962).

**IT IS SO ORDERED.**

                                        s/Paul D. Borman
                                        PAUL D. BORMAN
                                        United States District Judge

Dated:  December 5, 2022